ST. PAUL MERCURY INSURANCE COMPANY, Appellant,

v.

Mrs. Lena BILLIOT et al., Appellees.

No. 6384.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 17, 1960.

Rehearing Denied Dec. 28, 1960.

**162**

Orgain, Bell & Tucker, Beaumont, for appellant.

Stephenson & Stephenson, Orange, for appellees.

ANDERSON, Chief Justice.

This is a suit for death benefits under the Workmen's Compensation Law that applies to counties and their employees, Art. 8309c, Vernon's Ann.Civ.Statutes. It was instituted by appellees as an appeal from a final award of the Industrial Accident Board, and is predicated upon the death of Otis Paul Billiot, who, on July 20, 1959, accidentally drowned while in the course of his employment as an employee of Jefferson County, Texas. There is, and has been, but one matter in issue. It is that of whether the maximum amount that may be recovered under the aforesaid law as death benefits is $35 per week for 360 weeks or is only $25 per week for such period of time. Appellees, who are the decedent's widow and minor children, were allowed to recover at the higher rate, or at the rate of $35 per week.

In pertinent part, Article 8309c is as follows:

"Sec. 6. Unless otherwise provided herein Sections * * * 8 * * * of Article 8306 of the Revised Civil Statutes of Texas, 1925, as amended, and Sections * * * of Article 8307, of the Revised Civil Statutes of Texas, 1925, as amended, and Sections * * * of Article 8309, Revised Civil Statutes of Texas, 1925, as amended are hereby adopted and shall govern in so far as applicable under the provisions of this Law. Provided that whenever in the above adopted Sections of Articles 8306, 8307 and 8309 of the Revised Civil Statutes of Texas, 1925, as amended, the words 'association,' 'subscriber,' or 'employer,' or their equivalents appear in such Articles, they shall be construed to and shall mean 'the County.' "

The statute was first enacted in 1949 (Acts 1949, 51st Leg., p. 797, ch. 428), at which time, and until amended in 1957, Section 8 of Article 8306 was as follows:

"Sec. 8. If death should result from injury the association hereinafter created shall pay to the legal beneficiaries of the deceased employee a weekly payment equal to sixty per cent (60%) of his average weekly wages, but not more than Twenty-five Dollars ($25) nor less than Nine Dollars ($9) per week, for a period of three hundred and sixty (360) weeks from the date of the injury." Acts 1917, p. 269; Acts 1923, p. 384; Acts 1947, 50th Leg., p. 521, ch. 307, sec. 1.

Section 8 of Article 8306 was amended in 1957 so that the portion thereof that

formerly read, "but not more than Twenty-five Dollars ($25)," now reads, "but not more than Thirty-five Dollars ($35)." Acts 1957, 55th Leg., p. 1186, ch. 397, sec. 1.

It is clear, of course, that the maximum of death benefits that could be recovered under Article 8309c as originally enacted was only $25 per week for 360 weeks. In final analysis, therefore, the question the case poses resolves down to this: Has Article 8309c been amended in pertinent particular since its original enactment?

The statute has not been expressly amended in pertinent part, nor was it either mentioned or alluded to in the amendatory act by which Section 8 of Article 8306 was amended in 1957, nor has Section 6 of it, the adoptive section, been re-enacted since the 1957 amendment of Section 8 of Article 8306. The question to be decided narrows, then, to this: Did the amendment of Section 8 of Article 8306 in 1957, without more, effect an amendment of Article 8309c, also?

■ We hold that it did not, and that the trial court erred in awarding appellees compensation at the rate of $35 per week. The rationale of our decision follows.

■ Article 8309c, Sec. 6, is what is known as "a statute of specific reference." Sutherland, Statutory Construction (3rd Ed.1943) Vol. 2, sec. 5207. And the basic canon of construction to be applied in determining whether it was amended by amendment of adopted Section 8 of Article 8306 is thus stated in Section 5208 of the cited text:

"A statute of specific reference incorporates the provisions referred to from the statute as of the time of adoption without subsequent amendments, unless the legislature has expressly or by strong implication shown its intention to incorporate subsequent amendments with the statute. In the absence of such intention subsequent amendment of the referred statute would have no effect on the reference statute."

Essentially the same thing was thus said in Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070, at page 1074:

"The general rule is that when a statute is adopted by a specific descriptive reference, the adoption takes the statute as it exists at that time, and the subsequent amendment thereof would not be within the terms of the adopting act. But when the language of the adopting act is such as to evidence an intention on the part of the Legislature that the act as it then existed and as it might thereafter be amended was to be adopted, then the courts will give effect to that intention, and the adopted act and amendments thereto will be held to be within the meaning of the adopting act and to govern the subject-matter thereof."

And in Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, at page 564, 82 L.Ed. 858, at pages 866–867, the subject was dealt with in this manner:

"A well-settled canon [of statutory construction] tends to support the position of respondents: 'Where one statute adopts the particular provisions of another by specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute * * * Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent.' The weight of authority holds this rule respecting two separate acts applicable where, as here, one section of a statute refers to another section which alone is amended."

We find in the language of Article 8309c neither an expression nor an implication of legislative intent that the statute

should embrace Section 8 of Article 8306 except as Section 8 of Article 8306 existed when adopted.

As they appear in this portion of Section 6 of it, "Unless otherwise provided herein Sections * * * 8 * * * of Article 8306 of the Revised Civil Statutes of Texas, 1925, as amended," "as amended" are the only words in the statute about the import of which, as regards the matter now being considered, there is even room for speculation; and we have been unable to bring ourselves to the view that they import an intent that an altered Section 8 of Article 8306, the product of subsequent legislative action, should be a part of the reference statute. The words were used in the same connection in Section 6 of Article 8309c as originally enacted (Acts 1949, 51st Leg., p. 797, ch. 428, sec. 6) and, as there used, could only have referred to the statute as theretofore amended, because such of the adopted sections of statutes as had been amended were adopted as amended by specific and mentioned session acts. Neither the amendatory act by which the section was amended in 1953 nor the amended form of the section itself affords good reason to suppose that the Legislature intended that the words should thereafter be viewed in a different light. The only reason for amending and re-enacting the section that can be gleaned from the amendatory act itself was the desire to have Article 8309c make provision for chiropractic examination and services for employees. And the only possible ground for supposing that the amendment was intended to enlarge the import of the words in question is that, whereas the section formerly referred to the session acts by which adopted sections had been amended, it no longer does. We are unable to see in this the implication appellees would have us ascribe to it. Instead, we see in it only the Legislature's realization that the section had been redundant and unduly cumbersome, and its desire to eliminate the superfluous, error-inviting references and

reduce the statute to a more readable form. The fact that several of the adopted sections had never been amended and that some of them had been first enacted after 1925 is not believed to be of significance in this instance. All of the sections were, nevertheless, parts of the "Revised Civil Statutes of Texas, 1925, as amended." Although the distinction is a narrow one, the words we are discussing have direct application to the "Revised Civil Statutes of Texas, 1925," rather than to the adopted sections or to the statutes that are identified as being articles "of the Revised Civil Statutes of Texas, 1925, as amended." This is evident from the fact that they were used before the 1953 amendment, when the statute still referred to the session acts. Moreover, they are almost invariably appended when reference is made to the Revised Civil Statutes of Texas, 1925. The ordinary acceptation of them in such connection is that they refer to the current statutes. And this is the sense in which they must be construed as having been used in Article 8309c, as there is nothing to show that they were used in a different sense. See, for the general rule in this respect, City of Tyler v. Texas Employers' Ins. Ass'n, Tex.Com.App., 288 S.W. 409.

■ The judgment of the trial court is reformed by deleting from the adjudging and decreeing portions of it all words and figures by which appellees, as plaintiffs in the trial court, were awarded compensation at the rate of $35 per week and inserting in their stead words and figures whereby the judgment will award compensation at the rate of $25 per week. The record shows that appellant tendered and paid into the registry of the trial court all sums due under the judgment as reformed. The judgment is further reformed, therefore, so as to terminate interest as of the date on which the deposit was made. As reformed, the judgment of the trial court is affirmed. However, all costs of appeal are adjudged against appellee Lena Billiot.

Reformed and, as reformed, affirmed.