**TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Leonard W. AIKEN, Guardian of the Estate of Tammie Leatrice Aiken, a Minor, Appellee.**

No. 7063.

Court of Civil Appeals of Texas.

Amarillo.

May 29, 1961.

Rehearing Denied June 19, 1961.

———◆———

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Samuel H. Wilds, Amarillo, for appellee.

DENTON, Chief Justice.

This is a suit for death benefits under the section of the Workmen's Compensation Act that applies to county employees, Article 8309c, Vernon's Ann.Civ.St. Appellee instituted this suit upon appeal from a final award of the Industrial Accident Board. All material facts have been stipulated. William Harold Aiken, an employee of Moore County, Texas, was accidentally killed on June 24, 1960 while in the course and scope of his employment. The insurance carrier has admitted liability under their Workmen's Compensation insurance policy issued to Moore County, but contends their liability is limited to $25 per week. The sole question to be determined is whether the maximum amount that may be recovered under Art. 8309c as death benefits is $35 per week for 360 weeks or $25 per week for that same period of time. The trial court, without a jury, rendered judgment allowing the guardian of the surviving minor heir of the deceased recovery at the rate of $35 per week.

This precise question was recently before the Beaumont Court of Civil Appeals in St. Paul Mercury Ins. Co. v. Billiot, 342 S.W.2d 161. The Supreme Court refused the application for writ of error, thus giving its approval to the court's decision. The Beaumont court held Art. 8309c, dealing with compensation of county employees, calling for a schedule for death benefits which originally provided for a $25 maximum weekly wage, was not changed by the subsequent amendment of Art. 8306, Sec. 8, raising maximum weekly wages to $35. The Billiot case is controlling in this case, and it follows that the trial court erred in entering judgment which allowed recovery at the rate of $35 per week.

The judgment of the trial court is reformed by deleting from the judgment the figures by which appellee was awarded compensation at the rate of $35 per week and by substituting therefor figures whereby the judgment will award appellee compensation at the rate of $25 per week. As reformed, the judgment of the trial court is affirmed. However, all costs of appeal are adjudged against appellee.

Reformed and affirmed.