**STAMFORD HOSPITAL DISTRICT, Appellant,**

v.

**Billy VINSON et al., Appellees.**

**No. 4735.**

Court of Civil Appeals of Texas, Eastland.

Dec. 20, 1974.

Rehearing Denied Jan. 10, 1975.

Brown, Herman, Scott, Dean & Miles, Fort Worth, for appellant.

H. G. Andrews, Jr., Andrews & Andrews, Stamford, for appellees.

PER CURIAM.

This is a suit for a declaratory judgment and injunctive relief. Billy Vinson, Alvin Jefferies, David Ramsey, J. M. Foster, H. L. Mullins and Mrs. Charles Smith sought a declaration that Chapter 563, Acts of the 63rd Legislature, Regular Session 1973, authorizing an expansion of the Stamford Hospital District upon obtaining proper voter approval in the new district, is in violation of Article 9, Section 9, of the Constitution of the State of Texas, Vernon's Ann.St. The statute has been codified as an amendment to Article 4494q, Revised Civil Statutes of Texas. The plaintiffs requested the trial court to declare null and void the election held on December 18, 1973, wherein the expansion of the district was approved by a majority of those voting, and to enjoin and restrain the Stamford Hospital District and its Board of Directors from assessing or collecting any taxes on their lands and properties.

Trial before the court resulted in a judgment declaring the act unconstitutional and granting the injunctive relief. The Stamford Hospital District and its Board of Directors appeal. They contend the trial court erred in holding the statute unconstitutional; in declaring null and void the election held on December 18, 1973; and, in entering a permanent injunction against them from assessing or collecting any taxes on the lands and properties of the plaintiffs.

The undisputed facts establish the plaintiffs did not reside or own any taxable property within the boundaries of the original Stamford Hospital District, which came into being May 29, 1965, at which time, bonds were issued and sold, and most of them are still outstanding and unpaid. The plaintiffs are residents and own property within the boundaries of the hospital district as expanded by the challenged act of the 63rd Legislature and the election of December 18, 1973.

The issue is the constitutionality of an act which expanded a hospital district already in creation and subject to bonded indebtedness in view of Article 9, Section 9, of the Constitution of Texas.

Article 9, Section 9, provides:

"Hospital districts; creation, operation, powers, duties and dissolution

Sec. 9. The Legislature may by law provide for the creation, establishment, maintenance and operation of hospital districts composed of one or more counties or all or any part of one or more counties with power to issue bonds for the purchase, construction, acquisition, repair or renovation of buildings and improvements and equipping same, for hospital purposes; providing for the transfer to the hospital district of the title to any land, buildings, improvements and equipment located wholly within the district which may be jointly or separately owned by any city, town or county, providing that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants and assume the outstanding indebtedness incurred by cities, towns and counties for hospital purposes prior to the creation of the district, if same are located wholly within its boundaries, and a pro rata portion of such indebtedness based upon the then last approved tax assessment rolls of the included cities, towns and counties if less than all the territory thereof is included within the district boundaries; providing that after its creation no other municipality or political subdivision shall have the power to levy taxes or issue bonds or

other obligations for hospital purposes or for providing medical care within the boundaries of the district; providing for the levy of annual taxes at a rate not to exceed seventy-five cents (75¢) on the One Hundred Dollar valuation of all taxable property within such district for the purpose of meeting the requirements of the district's bonds, the indebtedness assumed by it and its maintenance and operating expenses, providing that such district shall not be created or such tax authorized unless approved by a majority of the qualified property taxpaying electors thereof voting at an election called for the purpose; and providing further that the support and maintenance of the district's hospital system shall never become a charge against or obligation of the State of Texas nor shall any direct appropriation be made by the Legislature for the construction, maintenance or improvement of any of the facilities of such district.

Provided, however, that no district shall be created except by act of the Legislature and then only after thirty (30) days' public notice to the district affected, and in no event may the Legislature provide for a district to be created without the affirmative vote of a majority of the taxpaying voters in the district concerned.

The Legislature may also provide for the dissolution of hospital districts provided that a process is afforded by statute for:

(1) determining the desire of a majority of the qualified voters within the district to dissolve it;

(2) disposing of or transferring the assets, if any, of the district; and

(3) satisfying the debts and bond obligations, if any, of the district, in such manner as to protect the interests of the citizens within the district, including their collective property rights in the assets and property of the district, provided, however, that any grant from federal funds, however dispensed, shall be considered an obligation to be repaid in satisfaction and provided that no election to dissolve shall be held more often than once each year. In such connection, the statute shall provide against disposal or transfer of the assets of the district except for due compensation unless such assets are transferred to another governmental agency, such as a county, embracing such district and using such transferred assets in such a way as to benefit citizens formerly within the district. Adopted Nov. 6, 1962; As amended Nov. 8, 1966."

Our Supreme Court in Shepherd v. San Jacinto Junior College District, 363 S.W.2d 742 (Tex.1962), enunciated the rule to be followed in determining the constitutionality of an act:

"A state constitution, unlike the federal constitution is in no sense a grant of power but operates solely as a limitation of power. 'All power which is not limited by the constitution inheres in the people, and an act of a state legislature is legal when the Constitution contains no prohibition against it.' Watts v. Mann, Tex.Civ.App., 187 S.W.2d 917, wr. ref., 11 Am.Jur. 619, Constitutional Law, § 18. All intendments are against restrictions upon the legislative power and the applicable rule was stated by this Court in State v. Brownson, 94 Tex. 436, 61 S.W. 114 as follows:

'The legislative department of the state government may make any law not prohibited by the constitution of the state or that of the United States. *Therefore the rule is that, in order for the courts to hold an act of the legislature unconstitutional, they must be able to point out the specific provision which inhibits the legislation. If the limitation be not express, then it should be clearly implied.*'" (Emphasis ours.)

See also Parks v. West, 102 Tex. 11, 111 S.W. 726 (1908); Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950).

We are unable to point out a specific provision in the constitution which prohibits the expansion or boundary change of a hospital district already created and subject to bonded indebtedness. Further, we cannot agree with plaintiff's argument that such limitation is clearly implied. We hold the language of Article 9, Section 9, of the Constitution of Texas, "creation, establishment, maintenance and operation of hospital districts", is not so restrictive as to prohibit the expansion provided for by the challenged act. Prosper Independent School District v. County School Trustees, 58 S.W.2d 5 (Tex.Com.App.1933).

The judgment is reversed and rendered. We hold the act is constitutional, the election valid, and the injunction is dissolved.