C. F. BEAN CORPORATION, Appellant,

v.

Feliciano RODRIGUEZ et al., Appellees.

No. 1431.

Court of Civil Appeals of Texas,
Corpus Christi.

June 13, 1979.

James W. Wray, Jr., Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellant.

William R. Edwards, Edwards & Perry, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

The controlling question presented by this appeal is whether a conditional tender by the defendant of the full amount of a prior judgment (under the circumstances existing) with interest thereon to date of tender stopped the running of interest on the judgment, although the judgment did not become final until the mandate from the Supreme Court was issued at a later date. We answer that question in the negative.

In the instant case, C. F. Bean Corporation, plaintiff herein, sought 1) a declaratory judgment that the judgment rendered on April 7, 1976, hereinafter referred to as the "prior judgment," was satisfied in full, both as to principal and interest, when the tender was made on April 22, 1976, and 2) a permanent injunction against Feliciano Rodriguez, his attorneys, and the Sheriff of Nueces County, defendants, enjoining execution on the prior judgment. Following a trial before the court on June 22, 1978, judgment was signed on October 6, 1978, which denied the plaintiff all relief sought by it, and decreed that the amount of $55,-592.88, theretofore paid by the plaintiff to the defendant Feliciano Rodriguez be applied first to payment of interest on the prior judgment for the period April 7, 1976,

through June 20, 1978, and next to principal "as partial satisfaction of the principal of such judgment." Plaintiff has appealed. We affirm.

The case before us in this appeal was precipitated by judgment rendered by the District Court of Nueces County, Texas, in the case of *Rodriguez v. B–R Dredging Co.*, 552 S.W.2d 601 (Tex.Civ.App.). C. F. Bean Corporation is the successor in interest of B–R Dredging Co., defendant in the first case. The jury returned a verdict of $150,-000.00 in damages in *Rodriguez v. B–R Dredging Co.*, but the trial court rendered judgment in favor of Rodriguez for the reduced amount of $55,388.02 on the basis of contributory negligence findings made by the jury. On April 22, 1976, fifteen days after such judgment was rendered on April 7, 1976, B–R Dredging Co. tendered payment of $55,592.88 (the amount of such judgment with interest through April 22, 1976), conditioned that Rodriguez would sign a full release and abandon his appeal. Because Rodriguez believed that the tender had unacceptable conditions attached thereto, it was rejected. Subsequently, Rodriguez timely perfected an appeal to this Court, which reversed and rendered judgment for him in the sum of $150,000.00. See *Rodriguez v. B–R Dredging Co., Inc.*, 552 S.W.2d 601 (Tex.Civ.App.—Corpus Christi 1977). However, the Supreme Court reversed this Court and reinstated the judgment as originally rendered by the trial court. See *B–R Dredging Co. v. Rodriguez*, 564 S.W.2d 693 (Tex.1978).

The mandate of the Supreme Court was issued on May 22, 1978. C. F. Bean Corporation (the successor in interest to B–R Dredging Co.) paid Rodriguez $55,592.88 (the amount of the prior judgment plus interest thereon to April 22, 1976) on June 21, 1978. This payment was accepted by Rodriguez as a partial payment on the judgment, without relinquishing any claim he might have to the amount of interest which might have accrued subsequent to April 22, 1976.

Thereafter, Rodriguez caused to be issued a writ of execution to enforce the judg-ment. This suit was filed on June 21, 1978, to enjoin Rodriguez' efforts to recover any amount on the judgment and interest there-of in excess of $55,592.88 on the ground that the tender of that sum of money on April 22, 1976, stopped the running of inter-est as of that date, and, therefore, the pay-ment by C. F. Bean Corporation to Rodri-guez of $55,592.88 on June 21, 1978, com-pletely satisfied the prior judgment. The trial court, in the judgment in this case, in effect, denied these contentions.

Rodriguez and his attorneys, defendants-appellees, contend in this appeal that the offer of payment of the prior judgment, made on April 22, 1976, was conditioned on: 1) the execution of a full release in satisfac-tion of judgment; and 2) abandonment of the appeal of the prior judgment. C. F. Bean Corporation, plaintiff-appellant here-in, on the other hand asserts in its brief:

"Rodriguez' problem with accepting pay-ment of the judgment lies not in the fact that he would have been required to *ac-knowledge* satisfaction of the judgment, or even to abandon his appeal, but rather lies in the fact that if he voluntarily accepts the benefits of a judgment, he cannot thereafter prosecute an appeal, whether or not he acknowledges satisfac-tion of judgment."

■ A tender, to be effective, must be legally valid; it must be unconditional; it is without legal effect if it is accompanied by conditions which the debtor has no right to impose. *Baucum v. Great American Insur-ance Co. of New York*, 370 S.W.2d 863 (Tex.1963); *Plasky v. Gulf Insurance Com-pany*, 160 Tex. 612, 335 S.W.2d 581 (1960).

■ The burden of proving a valid tender is on the party asserting it. *Rozelle v. First Nat. Bank in Dallas*, 535 S.W.2d 768 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.); *Business Aircraft Corp. v. Electronic Commun., Inc.*, 391 S.W.2d 70 (Tex.Civ.App. —San Antonio 1965, writ ref'd n. r. e.).

Plaintiff-appellant, in points 1 and 2, as-serts that the trial court erred 1) in re-fusing to enter a declaratory judgment that the prior judgment in 552 S.W.2d 601 (Tex.

Civ.App.). "*Rodriguez v. B–R Dredging Co.*," was satisfied in full both as to principal and interest," on April 22, 1976, when the tender was made; and 2) in refusing to permanently enjoin the defendants-appellees from causing a writ of execution to issue on the prior judgment in the prior cause. The points cannot be sustained.

The only evidence in the record which relates to whether the tender in question was unconditional appears in the testimony of Mr. William R. Edwards, an attorney for Rodriguez and a defendant-appellee herein, who testified:

> "It was my understanding that my client (Rodriguez) would not get the money unless he was willing to sign a full release and satisfaction of judgment and abandon his appeal."

> \* \* \* \* \* \*

> ". . . [d]iscussion ensued about the fact that we would have been expected to abandon our right of appeal and quit as of the time of tender if we were going to get the money. And Mr. Dyer (an attorney for B–R Dredging Co.) agreed that that was the essence of the tender."

Mr. Edwards' testimony was not contradicted by any other witness.

We believe that *Fields v. Texas Emp. Ins. Ass'n*, 565 S.W.2d 327 (Tex.Civ.App.—Amarillo 1978, writ ref'd n. r. e.) is squarely in point. There, Fields, the insured workman in a workman's compensation case, appealed from a judgment that was rendered in his favor on March 9, 1977. Thereafter, on March 25, 1977, the insurance company tendered into the registry of the trial court the full amount of the judgment with interest thereon to date of tender. The judgment of the trial court was affirmed. By cross point the insurance company contended that Fields was not entitled to interest on the judgment from and after May 25, 1977. The Amarillo Court of Civil Appeals overruled the cross point for the reason:

> ". . . [T]exas Employers' tender, by its terms, is conditioned on settlement of the litigation, avoidance of further contentions . . . Such a conditional tender is not a valid payment of the judgment in full, and it should not stop the running of interest on a judgment being appealed."

■ We follow the holding of the *Fields* case in disposing of the issue relating to interest presented by this appeal. We hold that the tender made by B–R Dredging Co. on April 22, 1976, was not unconditional. Points 1 and 2 are overruled.

■ The plaintiff-appellant further claims that the trial court erred in decreeing that the payment of $55,592.88 be applied first to payment of interest on the prior judgment for the period April 7, 1976, through June 20, 1978, and the balance as partial satisfaction of the principal of such judgment.

It is argued that "the defendants in this case asked for no such relief," and that portion of the judgment "is not supported by pleading." The record is otherwise. Defendants-appellees, in paragraph IX of their original answer, their live pleading, alleged:

> "The sum of Fifty-five Thousand Five Hundred Ninety-two Dollars and Eighty-eight Cents ($55,592.88) must be applied first to accrued interest and then to principal due."

Point of error 3 is overruled.

The judgment if the trial court is AFFIRMED.