

# The Attorney General of Texas

December 21, 1984

JIM MATTOX
ttorney General

ipreme Court Building
O. Box 12548
ustin, TX. 78711- 2548
512/475-2501
Tlex 910/874-1367
Jecopier 512/475-0266

714 Jackson, Suite 700
allas, TX. 75202-4506
4/742-8944

J24 Alberta Ave., Suite 160
Li Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
Houston, TX. 77002-3111
13/223-5886

806 Broadway, Suite 312
ubbock, TX. 79401-3479
06/747-5238

309 N. Tenth, Suite B
IcAllen, TX. 78501-1685
12/682-4547

00 Main Plaza, Suite 400
Jan Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jim Mapel
Criminal District Attorney
Brazoria County Courthouse
Angleton, Texas   77515

Opinion No. JM-257

Re: Whether a hospital district may acquire by lease or purchase real property outside its boundaries

Dear Mr. Mapel:

You ask whether the Sweeny Hospital District may acquire, by lease or purchase in fee simple, real property located outside its boundaries when such property is deemed necessary for the efficient operation of the hospital district. We conclude that the Sweeny Hospital District lacks the authority to purchase real property located outside its boundaries to fulfill the district's purpose of providing regular medical and hospital care for its inhabitants.

Grants of power to hospital districts and limitations on the exercise of that power depend upon the constitution and upon each hospital district's enabling statute. Attorney General Opinion M-171 (1967); see Moore v. Edna Hospital District, 449 S.W.2d 508 (Tex. Civ. App. - Corpus Christi 1969, writ ref'd n.r.e.). Special purpose districts have only the authority which is clearly granted by the legislature. Tri-City Fresh Water Supply District No. 2 of Harris County v. Mann, 142 S.W.2d 945, 948 (Tex. 1940); Lower Nueces River Water Supply District v. Cartwright, 274 S.W.2d 199, 207 (Tex. Civ. App. - San Antonio 1954, writ ref'd n.r.e.); see Moore v. Edna Hospital District, supra.

The Fifty-eighth Legislature authorized creation of the Sweeny Hospital District in accordance with article IX, section 9 of the Texas Constitution. Acts 1963, 58th Leg., ch. 135, at 361 (V.T.C.S. art. 4494q-13). The enabling statute provides, in part, as follows:

> Sec. 2. The hospital district herein authorized to be created, shall provide for the esta-blishment of a hospital system to furnish medical and hospital care to persons residing in said hospital district by the purchase, construction, acquisition, repair, or renovation of buildings and improvements; and the equipping of same and the administration thereof for hospital purposes. Such district shall assume full responsibility for

> providing medical and hospital care for its needy inhabitants.
>
> . . . .
>
> Sec. 9. A hospital district organized in pursuance of this Act shall have the right and <u>power of eminent domain for the purpose of acquiring by condemnation any and all property of any kind or character, real, personal or mixed, or any interest therein, including outright ownership of such property in fee simple absolute, within the boundaries of the said district,</u> necessary or convenient to the exercise of the rights, power, privileges and functions conferred upon it by this Act, in the manner provided by General Law with respect to condemnation . . . . (Emphasis added).

Acts 1963, 58th Leg., ch. 135 at 361. The only express reference to acquiring real property limits the district's power of condemnation to property "within the boundaries of the said district." Nevertheless, the purpose for the restriction also logically applies to non-condemnation acquisitions of property.

Thus, neither the enabling statute nor the constitutional provision upon which it is based expressly prohibits acquisitions of real property located outside the district. However, because special purpose districts have only the authority clearly granted by the legislature, the determinative question is whether the legislature has clearly <u>granted</u> the Sweeny Hospital District the authority to acquire real property outside of its boundaries, not merely whether the legislature has not prohibited such action. <u>See</u> Attorney General Opinion WW-914 (1960). In the Sweeny Hospital District's enabling statute, the legislature granted authority to acquire real property but did not clearly indicate the scope of the power.

Because the constitution does not require that the boundaries of a special purpose political subdivision include all areas in which the subdivision has operations, the legislature may authorize operations outside a district's boundaries. <u>San Jacinto River Conservation and Reclamation District v. Sellers</u>, 184 S.W.2d 920, 923-24 (Tex. 1945); <u>State ex rel Grimes County Taxpayers Association v. Texas Municipal Power Agency</u>, 565 S.W.2d 258 (Tex. Civ. App. - Houston [1st Dist.] 1978, no writ); <u>Harris County Water Control and Improvement District No. 58 v. City of Houston</u>, 357 S.W.2d 789 (Tex. Civ. App. - Houston 1962, writ ref'd n.r.e.); <u>Lower Nueces River Water Supply District v. Cartwright</u>, <u>supra</u>. However, the cases allowing acquisitions of real property outside the boundaries of a special district usually deal with a specific legislative grant of authority to acquire property within or without the district. <u>See, e.g., San Jacinto River</u>

Conservation and Reclamation District v. Sellers, supra; Lower Nueces River Water Supply District v. Cartwright, supra.

The court in State ex rel Grimes County Taxpayers Association v. Texas Municipal Power Agency, supra, upheld inclusion of a portion of Grimes County within the Texas Municipal Power Agency's [hereinafter TMPA] operating area that was not within its boundaries although the enabling statute did not expressly authorize acquisitions of property outside of the TMPA's boundaries. See V.T.C.S. art. 1435a, §4(2). However, the court emphasized that it was undisputed that from the inception of planning to establish the TMPA, it was contemplated that certain areas outside its boundaries were to be acquired as sources of lignite coal to carry out the purpose of the TMPA of producing electricity. Further, even when a statute does authorize acquisitions outside district boundaries, the acquisitions must further the purpose for creation of the district. Harris County Water Control and Improvement District No. 58 v. City of Houston, supra; Attorney General Opinion WW-914 (1960). Therefore, determination of the legislative intent for creation of the Sweeny Hospital District is necessary.

The legislature is not required to set forth in detail all the provisions governing the authority of a political subdivision in carrying out its legislative purpose, State ex rel Grimes County Taxpayers Association v. Texas Municipal Power Agency, supra at 273, and the courts will occasionally add words or phrases to a statute when necessary to give effect to legislative intent when the intent is clearly disclosed by the remainder of the statute. Sweeny Hospital District v. Carr, 378 S.W.2d 40, 47 (Tex. 1964). However, we conclude that the lack of an express grant to the Sweeny Hospital District of authority to acquire property outside its boundaries, and the express limit on the exercise of its eminent domain power to within its boundaries indicate that the legislature did not intend the district to have the implied power to acquire property located outside of its boundaries.

Further, the fundamental purpose for the hospital district militates against implied authorization for the acquisition of facilities outside the boundaries of the district. The sole purpose of the Sweeny Hospital District is to provide medical and hospital care to persons residing in the hospital district. Acts 1963, 58th Leg., ch. 135, §2. Conceivably, a medical facility located outside the district's boundaries may be near enough to the district to serve its inhabitants efficiently. Although purchasing an existing facility outside the district could be less expensive than purchasing one inside the district and less expensive than constructing a new facility, the inhabitants of a hospital district will usually best be served through medical facilities located within their district. A hospital district's difficulty in serving its inhabitants within its boundaries may indicate a need for a change in district boundaries rather than a need for acquisitions of facilities outside its

boundaries. The legislature may provide a solution to this problem by authorizing expansion of the boundaries of a hospital district even when it is already in creation and subject to bonded indebtedness. See Stamford Hospital District v. Vinson, 517 S.W.2d 358 (Tex. Civ. App. - Eastland 1974, writ ref'd n.r.e.); see also Carter v. Hamlin Hospital District, 538 S.W.2d 671 (Tex. Civ. App. - Eastland 1976, writ ref'd n.r.e.).

However, we note that in fulfilling its constitutional duty to assume full responsibility for providing medical and hospital care for its needy inhabitants, the hospital district has the authority to pay for the medical expense of sending a needy inhabitant to a medical facility outside the district because of a temporary or emergency lack of sufficient medical or hospital facilities. Attorney General Opinion M-171 (1967); see also Attorney General Opinion M-870 (1971). We conclude only that the Sweeny Hospital District may not acquire real property located outside the district to fulfill its purpose of providing regular medical and hospital care for inhabitants of the district.

## SUMMARY

The Sweeny Hospital District has only the authority which is clearly granted by the legislature. The lack of an express grant to the district of authority to acquire property outside its boundaries, the express limit on the exercise of its eminent domain power to within its boundaries, and the fundamental purpose for the hospital district of providing medical and hospital care to its inhabitants indicate that the legislature did not intend the district to have the authority to acquire property located outside of its boundaries.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Jennifer Riggs
Nancy Sutton