

# The Attorney General of Texas

December 13, 1984

IM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
,ustin, TX. 78711- 2548
12/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

. Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

306 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable D. R. "Tom" Uher
Chairman
Regions, Compacts & Districts
  Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-245

Re:  Whether the Sweeny Hospital
District may change its jurisdic-
tional boundaries

Dear Representative Uher:

You ask whether the Sweeny Hospital District may change its
territorial boundaries to coincide with the newly expanded boundaries
of the Sweeny Independent School District. We conclude that the
legislature has not authorized an expansion of the Sweeny Hospital
District.

The creation of the Sweeny Hospital District is authorized by the
legislature in accordance with the provisions of article IX, section 9
of the Texas Constitution "with boundaries coextensive with the
boundaries of the Sweeny Independent School District." Acts 1963,
58th Leg., ch. 135, §1, at 361. Section 2 of that act provides that
the hospital district shall not be created nor shall a tax be
authorized until the creation and tax are approved by a majority of
the qualified property taxpaying electors of the district voting in an
election called for such purpose.

Article IX, section 9 of the constitution provides:

> Sec. 9. <u>The Legislature may by law provide for
> the creation, establishment, maintenance and
> operation of hospital districts</u> composed of one or
> more counties or all or any part of one or more
> counties with power to issue bonds for the
> purchase, construction, acquisition, repair or
> renovation of buildings and improvements and
> equipping same, for hospital purposes; providing
> for the transfer to the hospital district of the
> title to any land, buildings, improvements and
> equipment located wholly within the district which
> may be jointly or separately owned by any city,
> town or county, providing that any district so

created shall assume full responsibility for providing medical and hospital care for its needy inhabitants and assume the outstanding indebtedness incurred by cities, towns and counties for hospital purposes prior to the creation of the district, if same are located wholly within its boundaries, and a pro rata portion of such indebtedness based upon the then last approved tax assessment rolls of the included cities, towns and counties if less than all the territory thereof is included within the district boundaries; providing that after its creation no other municipality or political subdivision shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district; providing for the levy of annual taxes at a rate not to exceed seventy-five cents (75¢) on the One Hundred Dollar valuation of all taxable property within such district for the purpose of meeting the requirements of the district's bonds, the indebtedness assumed by it and its maintenance and operating expenses, _providing that such district shall not be created_ _or such tax authorized unless approved by a_ _majority of the qualified property taxpaying_ _electors thereof voting at an election called for_ _the purpose;_ and providing further that the support and maintenance of the district's hospital system shall never become a charge against or obligation of the State of Texas nor shall any direct appropriation be made by the Legislature for the construction, maintenance or improvement of any of the facilities of such district.

Provided, however, that _no district shall be_ _created except by act of the Legislature and then_ _only after thirty (30) days' public notice to the_ _district affected, and in no event may the_ _Legislature provide for a district to be created_ _without the affirmative vote of a majority of the_ _taxpaying voters in the district concerned._ (Emphasis added).

A hospital district is created by a statute which specifies its boundaries. The legislature by reference adopted the boundaries of the Sweeny Independent School District as the boundaries of the Sweeny Hospital District. It is a well settled rule of statutory construction that

[a] statute of specific reference incorporates the provisions referred to from the statute as of the time of adoption without subsequent amendments, unless the legislature has expressly or by strong implication shown its intention to incorporate subsequent amendments with the statute.

St. Paul Mercury Insurance Co. v. Billiot, 342 S.W.2d 161, 163 (Tex. Civ. App. - Beaumont 1960, writ ref'd). See also Trimmier v. Carlton, 296 S.W. 1070, 1074 (Tex. 1927). An analogous situation exists where the legislature adopts boundaries for a hospital district by reference to the specific boundaries of an independent school district.

It is our opinion that the adoption of the boundaries of the Sweeny Hospital District coextensive with the boundaries of the Sweeny Independent School District constitutes an adoption of the school district boundaries as they existed at the time that the creation of the hospital district was authorized by the enactment of chapter 135, Acts 1963 of the Fifty-eighth Legislature. We find no expression of legislative intent that chapter 135 adopted the boundaries of the school district as they then existed and as they might later be expanded by the school district. We do not address any constitutional questions that may arise if the legislature provided for the creation of a district without fixed boundaries except to caution that the constitution prohibits the creation of a district "without the affirmative vote of a majority of the taxpaying voters in the district concerned."

Article IX, section 9 of the constitution does not prohibit the legislature from authorizing the expansion of the boundaries of a hospital district that is already created. Stamford Hospital District v. Vinson, 517 S.W.2d 358 (Tex. Civ. App. - Eastland 1974, writ ref'd n.r.e.). However, the powers of a hospital district are expressly provided or necessarily implied by the constitution and the act creating the district. See Attorney General Opinion M-171 (1967). The original enactment and subsequent amendments to chapter 135 contain no authority to change the Sweeny Hospital District's boundaries, no provision for conducting an election at which the property taxpaying electors within a proposed expanded district would be given an opportunity to approve the expansion of the boundaries and the levy of a tax on all the taxable property within the expanded boundaries, and no provision for the assumption of the indebtedness of the original district by the district as enlarged. See, e.g., Acts 1973, 63rd Leg., ch. 563, §§1a, 3a, at 1567, 1569 (authorizing the expansion of the Stamford Hospital District and prescribing procedures for the approval election).

## S U M M A R Y

The legislature has not authorized an expansion of the territorial boundaries of the Sweeny Hospital District. The hospital district may not change its boundaries without legislative authority.

Very truly yours

**JIM MATTOX**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton