Honorable D. R. "Tom" Uher Chairman Regions, Compacts Districts Committee Texas House of Representatives P. O. Box 2910 Austin, Texas 78769
Re: Whether the Sweeny Hospital District may change its jurisdictional boundaries
Dear Representative Uher:
You ask whether the Sweeny Hospital District may change its territorial boundaries to coincide with the newly expanded boundaries of the Sweeny Independent School District. We conclude that the legislature has not authorized an expansion of the Sweeny Hospital District.
The creation of the Sweeny Hospital District is authorized by the legislature in accordance with the provisions of article IX, section 9 of the Texas Constitution "with boundaries coextensive with the boundaries of the Sweeny Independent School District." Acts 1963, 58th Leg., ch. 135, § 1, at 361. Section 2 of that act provides that the hospital district shall not be created nor shall a tax be authorized until the creation and tax are approved by a majority of the qualified property taxpaying electors of the district voting in an election called for such purpose.
Article IX, section 9 of the constitution provides:
 Sec. 9. The Legislature may by law provide for the creation, establishment, maintenance and operation of hospital districts composed of one or more counties or all or any part of one or more counties with power to issue bonds for the purchase, construction, acquisition, repair or renovation of buildings and improvements and equipping same, for hospital purposes; providing for the transfer to the hospital district of the title to any land, buildings, improvements and equipment located wholly within the district which may be jointly or separately owned by any city, town or county, providing that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants and assume the outstanding indebtedness incurred by cities, towns and counties for hospital purposes prior to the creation of the district, if same are located wholly within its boundaries, and a pro rata portion of such indebtedness based upon the then last approved tax assessment rolls of the included cities, towns and counties if less than all the territory thereof is included within the district boundaries; providing that after its creation no other municipality or political subdivision shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district; providing for the levy of annual taxes at a rate not to exceed seventy-five cents (75 cents) on the One Hundred Dollar valuation of all taxable property within such district for the purpose of meeting the requirements of the district's bonds, the indebtedness assumed by it and its maintenance and operating expenses, providing that such district shall not be created or such tax authorized unless approved by a majority of the qualified property taxpaying electors thereof voting at an election called for the purpose; and providing further that the support and maintenance of the district's hospital system shall never become a charge against or obligation of the State of Texas nor shall any direct appropriation be made by the Legislature for the construction, maintenance or improvement of any of the facilities of such district.
Provided, however, that no district shall be created except by act of the Legislature and then only after thirty (30) days' public notice to the district affected, and in no event may the Legislature provide for a district to be created without the affirmative vote of a majority of the taxpaying voters in the district concerned. (Emphasis added).
A hospital district is created by a statute which specifies its boundaries. The legislature by reference adopted the boundaries of the Sweeny Independent School District as the boundaries of the Sweeny Hospital District. It is a well settled rule of statutory construction that
 [a] statute of specific reference incorporates the provisions referred to from the statute as of the time of adoption without subsequent amendments, unless the legislature has expressly or by strong implication shown its intention to incorporate subsequent amendments with the statute.
St. Paul Mercury Insurance Co. v. Billiot, 342 S.W.2d 161, 163
(Tex.Civ.App.-Beaumont 1960, writ ref'd). See also Trimmier v. Carlton, 296 S.W. 1070, 1074 (Tex. 1927). An analogous situation exists where the legislature adopts boundaries for a hospital district by reference to the specific boundaries of an independent school district.
It is our opinion that the adoption of the boundaries of the Sweeny Hospital District coextensive with the boundaries of the Sweeny Independent School District constitutes an adoption of the school district boundaries as they existed at the time that the creation of the hospital district was authorized by the enactment of chapter 135, Acts 1963 of the Fifty-eighth Legislature. We find no expression of legislative intent that chapter 135 adopted the boundaries of the school district as they then existed and as they might later be expanded by the school district. We do not address any constitutional questions that may arise if the legislature provided for the creation of a district without fixed boundaries except to caution that the constitution prohibits the creation of a district "without the affirmative vote of a majority of the taxpaying voters in the district concerned."
Article IX, section 9 of the constitution does not prohibit the legislature from authorizing the expansion of the boundaries of a hospital district that is already created. Stamford Hospital District v. Vinson, 517 S.W.2d 358 (Tex.Civ.App.-Eastland 1974, writ ref'd n.r.e.). However, the powers of a hospital district are expressly provided or necessarily implied by the constitution and the act creating the district. See Attorney General Opinion M-171 (1967). The original enactment and subsequent amendments to chapter 135 contain no authority to change the Sweeny Hospital District's boundaries, no provision for conducting an election at which the property taxpaying electors within a proposed expanded district would be given an opportunity to approve the expansion of the boundaries and the levy of a tax on all the taxable property within the expanded boundaries, and no provision for the assumption of the indebtedness of the original district by the district as enlarged. See, e.g., Acts 1973, 63rd Leg., ch. 563, §§ 1a, 3a, at 1567, 1569 (authorizing the expansion of the Stamford Hospital District and prescribing procedures for the approval election).
 SUMMARY
The legislature has not authorized an expansion of the territorial boundaries of the Sweeny Hospital District. The hospital district may not change its boundaries without legislative authority.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Nancy Sutton Assistant Attorney General