WESTERN CASUALTY & SURETY COMPANY, Appellant,

v.

Mrs. Wilma D. YOUNG et al., Appellees.

No. 6351.

Court of Civil Appeals of Texas.
Beaumont.

Sept. 22, 1960.

Rehearing Denied Oct. 19, 1960.

Garrison, Renfrow, Zeleskey & Cornelius & Rogers, Lufkin, for appellant.

Joe Tonahill, Jasper, for appellees.

Hackney & Crawford, Brownfield, amicus curiæ.

ANDERSON, Chief Justice.

This is a suit for death benefits under the Workmen's Compensation Law appertaining to cities and to city employees, Article 8309e, Vernon's Ann.Texas Civil Statutes. It was instituted by appellees as an appeal

from a final award of the Industrial Accident Board, and is predicated upon the death of James L. Young, who was accidentally killed in the course of his employment while employed by the City of Jasper, Texas. Trial to the court resulted in a judgment that appellees, who are the decedent's widow and minor children, recover compensation at the rate of $35 per week for 360 weeks. The appeal was duly perfected.

The judgment is attacked on appeal as being contrary to law, in that it awards appellees compensation at the rate of $35 per week instead of at the rate of only $25 per week; it being appellant's contention that $25 per week for 360 weeks is, in any circumstances, the maximum amount of compensation that may be recovered as death benefits under the aforesaid law and under the policy of insurance on which the suit is based. Nothing else is or has been in issue, appellant having conceded that appellees are entitled to a lump-sum payment of the maximum of death benefits authorized by applicable law.

■ We hold that $25 per week for 360 weeks is the maximum amount of compensation to which appellees are entitled, made so by Article 8309e, supra, and that the trial court erred in awarding appellees more.

■ As originally enacted in 1953 (Acts 1953, 53rd Leg., p. 805, ch. 327), Article 8309e unquestionably restricted death benefits to a maximum of $25 per week, and we are convinced that it has not been amended in this respect since its original enactment. It definitely has not been expressly amended, and we find no basis for holding that it has been amended indirectly.

Appellees contend that the statute was amended in 1957, through amendment of Section 8 of Article 8306 of the statutes, and that the maximum amount of compensation recoverable for death of one employed by a city was thereby raised to $35 per week; but we have been unable to bring ourselves to that conclusion, even though

Section 8 of Article 8306, which controls death benefits when death occurs in private industry, was adopted into Article 8309e when Article 8309e was originally enacted, and even though Section 8 of Article 8306 was amended in 1957 so as to raise maximum benefits to $35 per week for deaths to which the section applies. Acts 1957, 55th Leg., p. 1186, ch. 397, sec. 1.

The amendatory act by which Section 8 of Article 8306 was amended in 1957 did not purport to amend Article 8309e, having neither mentioned it nor alluded to it. The only legislation that is actually germane to the issue, therefore, is Article 8309e itself. In pertinent part, it is as follows:

"Sec. 6. Unless otherwise provided herein Section * * * 8, as amended by House Bill No. 10, Acts, 1947, Fiftieth Legislature; * * *, all being Sections of Article 8306 of the Revised Civil Statutes of Texas, 1925, as amended; * * * are hereby adopted and shall govern in so far as applicable under the provisions of this Law. Provided that whenever in the above adopted Sections of Articles 8306, 8307, and 8309 of the Revised Civil Statutes of Texas, 1925, the words 'association,' 'subscriber,' or 'employer,' or their equivalents appear in such Articles, they shall be construed to and shall mean 'city,' 'town,' or 'village.'"

■ We find in the language of the statute no indication of legislative intent that the statute should embrace Section 8 of Article 8306 except as Section 8 of Article 8306 existed when it was adopted, but the contrary. Therefore, and since the general rule is that a statute which adopts another by specific descriptive reference adopts it only as it then exists and not as subsequently amended, we can only conclude that no amendment of Article 8309e was effected by amendment of Article 8306 in 1957.

The principles of law which govern in the situation are not open to doubt, having

been established by the Supreme Court. We quote from only two cases:

■ "In the absence of any constitutional restriction, we are of opinion that one statute, by a proper reference to another, may incorporate in it the provisions of the former law, although the former may have expired, or may have been repealed. A law so referred to in another, and made a part of it, does not operate by its inherent force, but takes effect from the statute in which it is incorporated." Quinlan v. Houston & T. C. Ry. Co., 89 Tex. 356, 34 S.W. 738, at page 741.

■ "Statutes which refer to other statutes and make them applicable to the subject of legislation are called 'reference statutes,' and are a familiar and valid mode of legislation. The general rule is that when a statute is adopted by a specific descriptive reference, the adoption takes the statute as it exists at that time, and the subsequent amendment thereof would not be within the terms of the adopting act. But when the language of the adopting act is such as to evidence an intention on the part of the Legislature that the act as it then existed and as it might thereafter be amended was to be adopted, then the courts will give effect to that intention, and the adopted act and amendments thereto will be held to be within the meaning of the adopting act and to govern the subject-matter thereof." Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070, at page 1074.

Appellees urge that an intent that Article 8309e should embrace Section 8 of Article 8306 not only as that section then existed but also as it might thereafter be amended is evidenced by the words "as amended" which appear in the clause of Article 8309e that is as follows: "all being Sections of Article 8306 of the Revised Civil Statutes of Texas, 1925, as amended." They also urge that such an intent is evidenced by use of the word "whenever" in the last sentence of the section of Article 8309e that is hereinabove quoted, Section 6; this, despite the fact that none of the words with which the last sentence of Section 6 is concerned is used in Section 8 of Article 8306. We cannot agree with them on either score.

■ The contract of insurance and the statute provide the measure of appellant's liability, because appellees sued on them. To the extent, therefore, that the judgment rests on oral representations which may have been made by appellant to the City of Jasper when the two first contracted or while they were negotiating, it is not well founded. To hold otherwise would be to hold that the terms of the contract may be varied by parol evidence, appellees having neither sought reformation of the contract nor pleaded estoppel.

The contract of insurance does not itself enlarge appellant's liability beyond the limits fixed by Article 8309e, because it only obligates appellant: "To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law."

Upon the basis of what has been said, we sustain appellant's points of error one, two, three, and eight. However, we sustain point three only to the extent that it presents essentially the same questions as do points one and two. We normally would treat it as being too general in its nature to merit consideration. Such rulings render it unnecessary for us to pass upon appellant's remaining points of error, points four through seven.

The judgment of the trial court is reformed by deleting from all decreeing or adjudging portions of it the words or figures by which appellees are awarded compensation at the rate of $35 per week and by inserting in their stead words or figures which award appellees compensation at the rate of $25 per week. As thus reformed, the judgment of the trial court is affirmed. However, all costs of the appeal are taxed against appellee Mrs. Wilma D. Young.