

# The Attorney General of Texas

June 12, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Chris Victor Semos
Chairman
House Committee on Business
  & Industry
State Capitol
Austin, Texas 78711

Opinion No. H- 1182

Re: Conflicts between article
2368a and city charters.

Dear Representative Semos:

You ask whether home rule cities are subject to the provisions of article 5160, V.T.C.S., relating to contractor's surety bonds for public works. Article 5160 provides in part:

> A. Any person ... entering into a formal contract in excess of $25,000 with ... any municipality of this State, department, board or agency thereof ... shall be required before commencing such work to execute to the aforementioned governmental authority or authorities, as the case may be, the statutory bonds as hereinafter prescribed, but no governmental authority may require a bond if the contract does not exceed the sum of $25,000.

(Emphasis added). The underlined language was added in 1977. See Acts 1977, 65th Leg., ch. 809, at 2027.

The article 5160 provisions on construction bonds are incorporated by reference into article 2368a, which deals with contracts entered into by cities and counties. This statute defines "city" to include:

> all cities and towns incorporated under General or Special Laws, and all cities operating under charter adopted under the provisions of Article 11, Section 5, of the Constitution of Texas, unless especially excepted under the terms of this Act.

Sec. 1. Section 2 provides in part:

> if the contract is for the construction of public works, then the successful bidder shall be required to give a good and sufficient bond in the full amount of the contract price, for the faithful performance of such contract, executed by some surety company authorized to do business in this state in accordance with the provisions of Article 5160, Revised Statutes of 1925, and the amendments thereto.

It is well established that one statute may incorporate another by reference. Trimmier v. Carlton, 296 S.W. 1070 (Tex. 1927); Western Casualty & Surety Company v. Young, 339 S.W.2d 277 (Tex. Civ. App. — Beaumont 1960, writ ref'd). Subsequent amendments to the incorporated statute may also be included in the adopting act, if the language of the adopting act shows a clear legislative intent to include them. In Trimmier v. Carlton, 296 S.W. 1070 (Tex. 1927), the Supreme Court determined that the adoption by reference of a statute "and amendments thereto" included future amendments. Compare St. Paul Mercury Insurance Company v. Billiot, 342 S.W.2d 161 (Tex. Civ. App. — Beaumont 1960, writ ref'd) (incorporation of article of "Revised Civil Statutes of Texas, 1925, as amended" did not evidence legislative intent to include future changes). In our opinion, the 1977 amendment to article 5160 prohibiting bonds for projects under $25,000 in value has been incorporated into article 2368a, section 2.

Article 2368a, section 2, also contains the following provision:

> Provisions in reference to ... the furnishing of surety bonds by contractors and the manner of letting of contracts, as contained in the charter of a city, if in conflict with the provisions of this Act, shall be followed in such city notwithstanding any other provisions of this Act.

Home rule cities must follow their charter provisions on the furnishing of surety bonds, in the event they conflict with article 2368a. In our opinion, the article 5160 provision prohibiting construction bonds on projects under $25,000 has become a provision of article 2368a. Consequently, home rule cities are directed by article 2368a to follow their own charter provisions in the event that they conflict with article 5160.

### S U M M A R Y

> Article 2368a incorporates by reference the provisions of article 5160 and amendments thereto. Home rule cities shall follow their own charter provisions on construction bonds in the event that they conflict with the provisions of article 5160 as incorporated by 2368a.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn