Honorable Jim D. Rudd Chairman House Appropriations Committee Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Re: Requirements for election to continue as judicial officer by retired statutory county court judges
Dear Representative Rudd:
You ask whether a retired statutory county court judge would have to make an election to continue as a judicial officer within 90 days after his retirement even though his retirement may have occurred years before he became eligible for appointment by the enactment of the Court Administration Act, Acts 1985, 68th Leg., ch. 732, at 5284. Also, a question has been raised as to whether such a judge is subject to the prohibitions relating to the practice of law imposed on a retired judge by former section 44.005, Title 110B, V.T.C.S. We conclude that the Court Administration Act does not require a retired statutory county court judge to make an election to serve within 90 days after his retirement and that the prohibition in section 44.005 is applicable to such a judge.
Historically, article 200a, V.T.C.S., authorized and governed the assignment of regular, retired, and former district court judges by the presiding judge of the Administrative Judicial District and by the chief justice of the Supreme Court. On May 27, 1985, the Sixty-ninth Legislature passed the Court Administration Act which, effective January 1, 1986, repealed all of article 200a and enacted in its place a new and more comprehensive act for the administration of the courts of this state. Acts 1985, 69th Leg., ch. 732, at 5284. Cf. Attorney General Opinion JM-474 (1986).
Section 4.014 of the Court Administration Act provides:
 The following judges may be assigned as provided by this chapter by the presiding judge of the administrative region in which the assigned judge resides:
(1) a regular district or county court at law judge in this state;
 (2) a district judge who is a retiree under Subtitle E, Title 110B, Revised Statutes, who has consented to be subject to assignment and who is on the list maintained by the presiding judge as required by this section; and
 (3) a former district judge or retired or former statutory county court judge who certifies to the presiding judge a willingness to serve and to comply with the prohibitions relating to the practice of law imposed on a retired judge by Section 44.005, Title 110B, Revised Statutes, and who is on the list maintained by the presiding judge as required by this section. (Emphasis added).
Your question arises from the fact that on the same day that the legislature enacted the Court Administration Act, May 27, 1985, the legislature also passed chapter 602, which became effective on September 1, 1985. Chapter 602 made extensive changes in the state's judicial retirement system, retaining one program for current judges and creating a separate program for future judges. It also enacted changes in the prohibition against the practice of law in court by retired judges receiving an annuity under the judicial retirement system. Until the express repeal of section 44.005, Title 110B, V.T.C.S., by section 17(b) of chapter 602, (effective September 1, 1985), section 44.005 provided that all retirees "receiving an annuity from the [state judicial] retirement system may not appear and plead as an attorney in any court of this state." Simultaneously, section 17(a) of chapter 602 amended article 200a to provide that only judges retired under the judicial retirement system who make an election to serve on assignment as a judicial officer are prohibited from such court appearances. Chapter 602, section 17(a) specified that the election must be made within 90 days after retiring and is irrevocable.
The assignment of statutory county court judges is authorized and governed by the Court Administration Act. The dominant consideration in construing that statute is the intent of the legislature. See Calvert v. Texas Pipe Line Co., 517 S.W.2d 777
(Tex. 1974). Article 200a-1, section 4.014, which specifies the judges subject to assignment, includes a retired statutory county court judge who certifies a willingness to serve and a willingness to comply with the same prohibition relating to the practice of law imposed by section 44.005, subtitle E of Title 110B, on the judges who are retired under the judicial retirement system. Statutory county court judges are not included in the state judicial retirement system and the provisions of subtitle E are not directly applicable to them. The Court Administration Act, however, made the provisions of section 44.005 apply to statutory county court judges by its reference to section 44.005.
Reference statutes are an approved method of legislation. See Trimmier v. Carlton, 296 S.W. 1070, 1074 (Tex. 1927). It is an established rule of statutory construction that a statute which adopts the provisions of another statute by specific reference to the statute or provisions that are adopted has the same effect as though the statute or provisions adopted had been incorporated bodily into the adopting statute. A statute of specific reference incorporates such provisions only as they exist at the time of adoption unless the language of the adopting act evidences legislative intention that the referenced statute was adopted as it then existed and as it might later be amended. See St. Paul Mercury Insurance Co. v. Billiot, 342 S.W.2d 161, 163
(Tex.Civ.App.-Beaumont 1960, writ ref'd); Attorney General Opinions JM-237 (1984); H-294 (1974). Texas courts have stated that a statute by reference to another statute may incorporate in it the provisions of former law, although the former law may have expired or may have been repealed. A law so referred to in another law, and made a part of it, does not operate by its inherent force, but takes effect from the statute in which it is incorporated. Western Casualty Surety Co. v. Young,339 S.W.2d 277 (Tex.Civ.App.-Beaumont 1960, writ ref'd). It is our opinion that the legislature, by the enactment of the Court Administration Act, intends the eligibility of statutory county court judges for assignment to be dependent on their compliance with the language in former section 44.005, which states that they may not appear and plead as an attorney in any court in this state.
To be eligible for assignment, section 4.014(3) of the Court Administration Act requires a statutory county court judge also to certify to the presiding judge a willingness to serve on assignment, but the Court Administration Act imposes no deadline on the date of such certification. Section 17(a) of chapter 602 amended article 200a to require a retiree under the state judicial retirement systems to make an election to be a judicial officer by submitting written notice of the election to the chief justice of the Supreme Court within 90 days after retiring. After making such an election, the person could never again practice in the courts of this state. Art. 200a, § 4a. See also Government Code Title 2, § 75.001 (election to remain as judicial officer by retiree under subtitle E, Title 110B, V.T.C.S.).
A question has been raised as to whether the provisions of article 200a, section 4a, as enacted by chapter 602, apply to the election to serve on assignment by a retired statutory county court judge. We conclude that the legislature does not intend the provisions of article 200a, section 4a, to apply to retired statutory county court judges. Article 200a, section 4a, applies directly only to retirees under the state judicial retirement system. We find no indication in the Court Administration Act that the legislature intended to adopt the provisions of article 200a by reference, especially since the Court Administration Act expressly repealed all of article 200a effective on January 1, 1986. Acts 1985, 69th Leg., ch. 732, § 5, at 5309.
 SUMMARY
The Court Administration Act does not require a retired statutory county court judge who wishes to serve on assignment to make an election to serve within 90 days after his retirement, but requires compliance with former section 44.005, Title 110B, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Nancy Sutton Assistant Attorney General