

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

801 Texas, Suite 700
Jston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

June 20, 1986

Honorable Jim D. Rudd
Chairman
House Appropriations Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-506

Re: Requirements for elec
to continue as judicial off
by   retired   statutory   co
court judges

Dear Representative Rudd:

You ask whether a retired statutory county court judge would
to make an election to continue as a judicial officer within 90
after his retirement even though his retirement may have occu
years before he became eligible for appointment by the enactmen
the Court Administration Act, Acts 1985, 68th Leg., ch. 732, at 5
Also, a question has been raised as to whether such a judge is sub
to the prohibitions relating to the practice of law imposed c
retired  judge  by  former  section  44.005,  Title  110B,  V.T.C.S.
conclude that the Court Administration Act does not require a ret
statutory  county  court  judge  to  make  an  election  to  serve  withii
days after his retirement and that the prohibition in section 44
is applicable to such a judge.

Historically, article 200a, V.T.C.S., authorized and governed
assignment of regular, retired, and former district court judge:
the presiding judge of the Administrative Judicial District and by
chief justice of the Supreme Court.  On May 27, 1985, the Sixty-n
Legislature passed  the  Court  Administration  Act  which,  effec
January 1, 1986, repealed all of article 200a and enacted in its p
a new and more comprehensive act for the administration of the co
of this state.  Acts 1985, 69th Leg., ch. 732, at 5284.  Cf. Atto
General Opinion JM-474 (1986).

Section 4.014 of the Court Administration Act provides:

The  following  judges  may  be  assigned  as
provided by this chapter by the presiding judge of
the administrative region in which the assigned
judge resides:

(1) a regular district or county court at law
judge in this state;

(2) a district judge who is a retiree under Subtitle E, Title 110B, Revised Statutes, who has consented to be subject to assignment and who is on the list maintained by the presiding judge as required by this section; and

(3) a former district judge or <u>retired or former statutory county court judge who certifies to the presiding judge a willingness to serve and to comply with the prohibitions relating to the practice of law imposed on a retired judge by Section 44.005, Title 110B, Revised Statutes,</u> and who is on the list maintained by the presiding judge as required by this section. (Emphasis added).

Your question arises from the fact that on the same day that the legislature enacted the Court Administration Act, May 27, 1985, the legislature also passed chapter 602, which became effective on September 1, 1985. Chapter 602 made extensive changes in the state's judicial retirement system, retaining one program for current judges and creating a separate program for future judges. It also enacted changes in the prohibition against the practice of law in court by retired judges receiving an annuity under the judicial retirement system. Until the express repeal of section 44.005, Title 110B, V.T.C.S., by section 17(b) of chapter 602, (effective September 1, 1985), section 44.005 provided that all retirees "receiving an annuity from the [state judicial] retirement system may not appear and plead as an attorney in any court of this state." Simultaneously, section 17(a) of chapter 602 amended article 200a to provide that only judges retired under the judicial retirement system who make an election to serve on assignment as a judicial officer are prohibited from such court appearances. Chapter 602, section 17(a) specified that the election must be made within 90 days after retiring and is irrevocable.

The assignment of statutory county court judges is authorized and governed by the Court Administration Act. The dominant consideration in construing that statute is the intent of the legislature. <u>See</u> <u>Calvert v. Texas Pipe Line Co.</u>, 517 S.W.2d 777 (Tex. 1974). Article 200a-1, section 4.014, which specifies the judges subject to assignment, includes a retired statutory county court judge who certifies a willingness to serve and a willingness to comply with the same prohibition relating to the practice of law imposed by section 44.005, subtitle E of Title 110B, on the judges who are retired under the judicial retirement system. Statutory county court judges are not included in the state judicial retirement system and the provisions of subtitle E are not directly applicable to them. The Court Administration Act, however, made the provisions of section 44.005

apply to statutory county court judges by its reference to section 44.005.

Reference statutes are an approved method of legislation. See Trimmier v. Carlton, 296 S.W. 1070, 1074 (Tex. 1927). It is an established rule of statutory construction that a statute which adopts the provisions of another statute by specific reference to the statute or provisions that are adopted has the same effect as though the statute or provisions adopted had been incorporated bodily into the adopting statute. A statute of specific reference incorporates such provisions only as they exist at the time of adoption unless the language of the adopting act evidences legislative intention that the referenced statute was adopted as it then existed and as it might later be amended. See St. Paul Mercury Insurance Co. v. Billiot, 342 S.W.2d 161, 163 (Tex. Civ. App. - Beaumont 1960, writ ref'd); Attorney General Opinions JM-237 (1984); H-294 (1974). Texas courts have stated that a statute by reference to another statute may incorporate in it the provisions of former law, although the former law may have expired or may have been repealed. A law so referred to in another law, and made a part of it, does not operate by its inherent force, but takes effect from the statute in which it is incorporated. Western Casualty & Surety Co. v. Young, 339 S.W.2d 277 (Tex. Civ. App. - Beaumont 1960, writ ref'd). It is our opinion that the legislature, by the enactment of the Court Administration Act, intends the eligibility of statutory county court judges for assignment to be dependent on their compliance with the language in former section 44.005, which states that they may not appear and plead as an attorney in any court in this state.

To be eligible for assignment, section 4.014(3) of the Court Administration Act requires a statutory county court judge also to certify to the presiding judge a willingness to serve on assignment, but the Court Administration Act imposes no deadline on the date of such certification. Section 17(a) of chapter 602 amended article 200a to require a retiree under the state judicial retirement systems to make an election to be a judicial officer by submitting written notice of the election to the chief justice of the Supreme Court within 90 days after retiring. After making such an election, the person could never again practice in the courts of this state. Art. 200a, §4a. See also Government Code Title 2, §75.001 (election to remain as judicial officer by retiree under subtitle E, Title 110B, V.T.C.S.).

A question has been raised as to whether the provisions of article 200a, section 4a, as enacted by chapter 602, apply to the election to serve on assignment by a retired statutory county court judge. We conclude that the legislature does not intend the provisions of article 200a, section 4a, to apply to retired statutory county court judges. Article 200a, section 4a, applies directly only to retirees under the state judicial retirement system. We find no

indication in the Court Administration Act that the legislature intended to adopt the provisions of article 200a by reference, especially since the Court Administration Act expressly repealed all of article 200a effective on January 1, 1986.  Acts 1985, 69th Leg., ch. 732, §5, at 5309.

## S U M M A R Y

The Court Administration Act does not require a retired statutory county court judge who wishes to serve on assignment to make an election to serve within 90 days after his retirement, but requires compliance with former section 44.005, Title 110B, V.T.C.S.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General