# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 19, 2010

Mr. Victor Vandergriff
Chairman of the Board
Texas Department of Motor Vehicles
4000 Jackson Avenue
Austin, Texas 78731

Opinion No. GA-0820

Re: Delegation authority of the governing board of the Texas Department of Motor Vehicles
(RQ-0879-GA)

Dear Mr. Vandergriff:

On behalf of the Board of the Texas Department of Motor Vehicles ("TxDMV Board"),[1] you request an opinion on the Board's authority to issue final orders and to allow subordinates to exercise its powers under Occupations Code chapter 2301 and Transportation Code chapter 503.[2] You also inquire about the conflict of interest provisions applicable to Board members. Request Letter at 12–13.

The TxDMV Board was established by Transportation Code section 1001.021 and granted the powers and duties stated in Transportation Code chapters 1001 through 1005. *See* TEX. TRANSP. CODE ANN. §§ 1001.001(1), .021 (West Supp. 2010). Chapter 2301 provides for the Motor Vehicle Division ("MVD" or "Division") of the TxDMV and for a director of the MVD, the division's chief executive and administrative officer. TEX. OCC. CODE ANN. §§ 2301.002(10)–(12), .101(a) (West Supp. 2010).

Your first question involves the Board's and the MVD director's authority under Occupations Code chapter 2301, which regulates the sale or lease of motor vehicles. Request Letter at 6; TEX. OCC. CODE ANN. §§ 2301.001–.853 (West 2004 & Supp. 2010). You ask whether Occupations Code sections 2301.709–.711 authorize the Board to make final decisions in administrative cases arising under chapter 2301, except for subchapter M, known as the "Lemon Law." Request Letter at 6; *see* TEX. OCC. CODE ANN. §§ 2301.601–.613 (West 2004 & Supp. 2010) (subchapter M).[3]

---

[1]The Legislature created the TxDMV in 2009, transferring certain powers from the Texas Department of Transportation ("TxDOT") to the TxDMV Board. *See* Act of May 23, 2009, 81st Leg., R.S., ch. 933, § 6.01(a), 2009 Tex. Gen. Laws 2485, 2519.

[2]Request Letter at 1, 6–7 (*available at* http://www.texasattorneygeneral.gov).

[3]*See* 43 TEX. ADMIN. CODE § 215.21 (2010) (Tex. Dep't of Motor Vehicles, Objective) (describing Occupations Code chapter 2301, subchapter M as the "Lemon Law").

Sections 2301.709–.711 relate to hearing procedures in contested cases. *See* TEX. OCC. CODE ANN. §§ 2301.701, .703 (West 2004). Hearings in contested cases arising under chapter 2301 or a Board rule must be conducted by an administrative law judge ("ALJ") of the State Office of Administrative Hearings. *Id.* §§ 2301.703 (West 2004), 2301.704(a) (West Supp. 2010). The ALJ is authorized to "issue a proposal for decision and recommend a final order." *See id.* § 2301.704(b)(8) (West Supp. 2010). After reviewing the case, the Board "shall issue a written final decision or order." *Id.* § 2301.709(d); *see also id.* §§ 2301.710 (West 2004) (authorizing the Board to issue a final order dismissing a complaint), 2301.711 (stating required content of orders and decisions). If the language of a statute is unambiguous, "its plain meaning will prevail." *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). Sections 2301.709(d) and 2301.710 expressly authorize the Board to issue a final order in a contested case under chapter 2301 and Board rules, except for cases under chapter 2301, subchapter M, which we next consider.

Chapter 2301, subchapter M of the Occupations Code,[4] the Lemon Law, requires manufacturers, converters, or distributors to take actions necessary to conform the vehicle to the express warranties they have made. *See id.* §§ 2301.603(a), .604(a) (West 2004). If an administrative proceeding is necessary to enforce the law, "[t]he director under board rules shall conduct hearings and issue final orders for the implementation and enforcement of this subchapter." *Id.* § 2301.606(a). An order issued by the MVD director under subchapter M "is considered a final order of the board." *Id.* As the plain language of section 2301.606(a) shows, the MVD director "shall . . . issue final orders" to implement and enforce subchapter M. *Id.*

You also ask whether the MVD director is authorized to make the final decision in enforcement cases arising under Transportation Code chapter 503, which provides for the regulation of motor vehicle dealers and manufacturers. Request Letter at 6; *see* TEX. TRANSP. CODE ANN. §§ 503.001–.095 (West 2007 & Supp. 2010). Transportation Code section 503.009 provides for hearings in contested cases:

> (a)   The department's Motor Vehicle Board[5] may conduct hearings in contested cases brought under and as provided by this chapter.

> (b)   The procedures applicable to a hearing conducted under this section are those applicable to a hearing conducted as provided by Section 2301.606(a), Occupations Code.

> (c)   A decision or final order issued under this section is final and may not be appealed, as a matter of right, to the commission.

---

[4]TEX. OCC. CODE ANN. §§ 2301.601–.613 (West 2004 & Supp. 2010).

[5]The term "department" in section 503.009 now means the "Texas Department of Motor Vehicles," while "board" and "commission" mean the TxDMV Board. *See* TEX. TRANSP. CODE ANN. § 503.001(1)–(2), (5) (West Supp. 2010).

(d)   [Board may adopt rules for an action brought under section 503.009].

TEX. TRANSP. CODE ANN. § 503.009 (West 2007).

Read in isolation, section 503.009(a) seems to authorize the TxDMV Board to "conduct hearings in contested cases brought under and as provided by" chapter 503. *Id.* § 503.009(a). Section 503.009(b), however, provides that the procedures "applicable to a hearing conducted as provided by Section 2301.606(a), Occupations Code" also apply to a hearing under section 503.009. *Id.* § 503.009(b). "Statutes which refer to other statutes and make them applicable to the subject of legislation are called 'reference statutes,' and are a familiar and valid mode of legislation." *W. Cas. & Sur. Co. v. Young*, 339 S.W.2d 277, 280 (Tex. Civ. App.—Beaumont 1960, writ ref'd) (quoting *Trimmier v. Carlton*, 296 S.W. 1070, 1074 (Tex. 1927)). When one statute references another, we look to the referenced statute to understand the referencing statute. *See In re R.J.J.*, 959 S.W.2d 185, 186 (Tex. 1998) (per curiam). Thus, we look to section 2301.606(a), which states that "[t]he director under board rules shall conduct hearings and issue final orders for the implementation and enforcement of this subchapter. An order issued by the director under this subchapter is considered a final order of the board." TEX. OCC. CODE ANN. § 2301.606(a) (West 2004). Because the procedures of subsection 2301.606(a) authorizing the director to conduct hearings and issue final orders are incorporated into Transportation Code section 503.009, the director is authorized to issue final orders in contested cases brought under chapter 503.[6]

As your second question, you ask whether the Board may delegate its decision-making authority to the MVD director. Request Letter at 7. You mention Occupations Code section 2301.154, which provides that "[t]he [MVD] director may delegate any of the director's powers to one or more of the division's employees." TEX. OCC. CODE ANN. § 2301.154 (West Supp. 2010); *see id.* § 2301.002(10), (12) (defining "director"). A predecessor of section 2301.154 authorized the Motor Vehicle Board of TxDOT to delegate any of its powers to board members, the director, or employees, but a 2005 amendment adopted the present language. *See* Act of May 18, 1989, 71st Leg., R.S., ch. 1130, § 12, 1989 Tex. Gen. Laws 4653, 4659 (adopting article 4413(36), section 3.04, Revised Civil Statutes), *amended by* Act of May 30, 2005, 79th Leg., R.S., ch. 281, § 7.05, 2005 Tex. Gen. Laws 778, 840. In amending a statute, the Legislature is presumed to have intended some change to existing law and effect must be given to the amendment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 681 (Tex. 1979). Occupations Code section 2301.154 does not authorize the Board to delegate its decision-making powers to the director.

You raise Transportation Code section 1003.002(a)(1), which provides that "[t]he board or the department by rule may . . . create a summary procedure for routine matters." Request Letter at 11. *See* TEX. TRANSP. CODE ANN. § 1003.002(a)(1) (West Supp. 2010); *see also id.* § 1003.002(d) (authorizing the board by rule to provide for delegating authority to an employee to take action on

---

[6]From 1995 through 2005 the MVD director and not the Board made the final decisions in enforcement cases brought under Transportation Code chapter 503. Request Letter at 4. The director continued to make those decisions from 2005 through 2009, when no Board existed. *Id.* at 5–6.

a routine matter). The Board may designate an activity as a routine matter only if it is "(1) voluminous; (2) repetitive; (3) believed to be noncontroversial; and (4) of limited interest to anyone other than persons immediately involved in or affected by the proposed department action." *Id.* § 1003.002(b) (paragraph form deleted). This is the only provision that expressly authorizes the Board to delegate any of its powers.

We question whether issuing a final order is a routine matter under this provision. The governing body of an administrative agency has some discretion to change a finding of fact or conclusion of law made by the ALJ or to vacate or modify an order issued by the ALJ. *See* TEX. GOV'T CODE ANN. § 2001.058(e) (West 2008). Thus, the Board may construe the statutes it administers, an action that could be controversial or of interest to persons other than those immediately involved in or affected by the proposed department action. *See* TEX. TRANSP. CODE ANN. § 1003.002(d) (West Supp. 2010). Accordingly, we cannot say as a matter of law that section 1003.002(d) authorizes the Board to delegate its authority to issue a final order.

You suggest that the Board has implied authority to delegate its chapter 2301 duties as to final orders. *See* Request Letter at 7–12. When a statute vests a specific function in a designated public officer or body, the Legislature presumably intends that only that officer or body shall exercise the assigned functions. *See Schade v. Tex. Workers' Comp. Comm'n,* 150 S.W.3d 542, 548–49 (Tex. App.—Austin 2004, pet. denied), *Lipsey v. Tex. Dep't of Health,* 727 S.W.2d 61, 64 (Tex. App.—Austin 1987, writ ref'd n.r.e.), *Moody v. Tex. Water Comm'n,* 373 S.W.2d 793, 797 (Tex. Civ. App.—Austin 1963, writ ref'd n.r.e.). Absent express authority, a governmental entity may delegate only ministerial tasks.[7] *See Schade,* 150 S.W.3d at 548–49, *Newsom v. Adams,* 451 S.W.2d 948, 953 (Tex. Civ. App.—Beaumont 1970, no writ), *Moody,* 373 S.W.2d at 797, Tex. Att'y Gen. Op. No. GA-0434 (2006) at 3. While section 2301.153 grants the Board "all powers necessary, incidental, or convenient to perform a power or duty expressly granted under this chapter," including specific enumerated powers, neither this provision nor any other authorizes the Board to delegate its duties as to final orders. TEX. OCC. CODE ANN. § 2301.153 (West 2004).

You finally raise Transportation Code section 1001.042, which provides that "[t]he board shall develop and implement policies that clearly define the respective responsibilities of the director and the staff of the department," suggesting that this provision would allow the Board to delegate final order authority to Board members and to the MVD director. TEX. TRANSP. CODE ANN. § 1001.042 (West Supp. 2010); Request Letter at 10–11. Section 1001.042 does not expressly authorize the Board to delegate statutory duties to the executive director or to individual Board members. In answer to your second question, we advise you that the TxDMV Board has no implied authority to delegate its final order authority to the DMV director or any other person.

Your third question relates to Board members' conflicts of interest. *See* Request Letter at 12. You ask whether Board members who represent a dealer or manufacturer are prohibited from

---

[7]"Ministerial acts are those for which 'the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'" *Ballantyne v. Champion Builders, Inc.,* 144 S.W.3d 417, 425 (Tex. 2004) (quoting *Comm'r of the Gen. Land Office v. Smith,* 5 Tex. 471, 479 (1849)).

voting on cases where their industry affiliation might place them in opposition to a party. *Id.* at 12–13; *see also* TEX. TRANSP. CODE ANN. § 1001.021(b) (West Supp. 2010) (requiring industry representatives to be included on Board).

Transportation Code 1001.028 provides that "[a] member of the board shall disclose in writing to the executive director if the member has an interest in a matter before the board or has a substantial financial interest in an entity that has a direct interest in the matter" and "shall recuse himself or herself from the board's deliberations and actions on the matter." TEX. TRANSP. CODE ANN. § 1001.028(a)–(b) (West Supp. 2010). "A person has a substantial financial interest in an entity if [he or she] (1) is an employee, member, director, or officer of the entity; or (2) owns or controls, directly or indirectly, more than a five percent interest in the entity." *Id.* § 1001.028(c). This provision does not automatically bar Board members who are industry representatives from participating in a decision of the Board that involves a dispute between industry parties. Instead, section 1001.028 requires a Board member to decide, in the first instance, whether he or she has an interest in a matter or a substantial financial interest in an entity that has a direct interest in a matter. If so, the Board member may not participate in the Board's decision on the matter. Whether a Board member is barred from participation in a particular matter must be decided on a case-by-case basis in view of the relevant facts. *See* Tex. Att'y Gen. Op. No. GA-0557 (2007) at 3 (recognizing that questions involving conflicts of interest require an examination of all the facts and are not appropriate for an attorney general opinion).

The Board is also "subject to the code of ethics and the standard of conduct imposed by Chapter 572, Government Code, and any other laws regulating the ethical conduct of state officers and employees." TEX. TRANSP. CODE ANN. § 1005.001 (West Supp. 2010); *see, e.g.,* TEX. GOV'T CODE ANN. § 572.051 (West Supp. 2010) (prohibiting certain conduct that might influence the officer or employee in the discharge of official duties). The application of chapter 572 to a Board member must be decided on a case-by-case basis in view of the relevant facts.

## S U M M A R Y

The Board of the Department of Motor Vehicles is authorized to issue a final order in a contested case under Occupations Code chapter 2301, except for cases under chapter 2301, subchapter M, the "Lemon Law." The director of the Motor Vehicle Division of the Department is authorized to issue final orders in cases under the Lemon Law and under Transportation Code chapter 503.

The Board has no implied authority to delegate its authority to issue final orders in contested cases to the director of the Motor Vehicle Division.

Board members are subject to conflict-of-interest provisions found in Transportation Code section 1001.028, Government Code chapter 572, and any other law that regulates the ethical conduct of state officers and employees. The application of these statutes to a Board member must be decided on a case-by-case basis in view of the relevant facts.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee